UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

LISA PERONA,

    Plaintiff,

v.

COMMONWEALTH FINANCIAL SYSTEMS, INC.
*a Pennsylvania Corporation,*

    Defendant.
_____/

## COMPLAINT and JURY DEMAND

1.    Plaintiff, Lisa Perona, ("Plaintiff") alleges violations of the *Fair Debt Collection Practices Act*, *15 U.S.C. §1692 et seq.* ("*FDCPA*") and the *Florida Consumer Collection Practices Act,* ("*FCCPA*"). Simply put, Defendant attempted to collect a debt that was discharged in Plaintiff's bankruptcy, in violation of *15 U.S.C. §1692 et seq.* and *Section 559.72(9) of Florida Statutes.*

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under *28 U.S.C. §1331*, and *15 U.S.C. §1692k*. Additionally *28 U.S.C. §1367* grants this Court supplemental jurisdiction over the state claims contained within. Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

1

## PARTIES

3. Plaintiff, Lisa Perona, ("Plaintiff") is a natural person, and citizen of the State of Florida, residing in Saint Lucie County, Florida.

4. Defendant, Commonwealth Financial Systems, Inc., ("Defendant") is a Pennsylvania Corporation engaged in the business of collecting consumer debts, which operates from offices located at 245 Main Street, Dickson City, PA 18519.  Defendant is licensed in Florida as a Consumer Collection Agency, license number CCA0900908.

5. Defendant regularly use the United States Postal Service and telephone in the collection of consumer debts.

6. Defendant regularly collects or attempts to collect debts for other parties. Defendant is a "debt collector" as defined in the *FDCPA* and *FCCPA*.

7. At all times material to the allegations of this complaint, Defendant was acting as debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

8. Defendant sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was for medical services.

9. On or about November 20, 2009, Plaintiff filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Florida. Case No. 09-35705-EPK.

10. Plaintiff listed the St. Lucie Emergency Group medical debt, in her voluntary Chapter 13 petition for bankruptcy and did not reaffirm the debt. ("Bankruptcy Petition" attached hereto as "Exhibit 1").  See Bankruptcy Petition page 26.

11. On or about February 13, 2013, Plaintiff received a discharge of debts in the United States Bankruptcy Court for the Southern District of Florida. ("Discharge" attached hereto as "Exhibit 2").

12. On or about January 2, 2015, Defendant sent Plaintiff a Demand Letter seeking to collect on the medical debt that was discharged in her bankruptcy. (The "Demand Letter" is attached hereto as "Exhibit 3").

13. Plaintiff was distressed and frustrated by the request for payment of a debt she believed was discharged in bankruptcy.

14. The Demand Letter was Defendant's initial communication with Plaintiff with respect to the debt alleged therein.

15. The Demand Letter lists 59337N as the current creditor to whom the debt is owed.

16. On information and belief 59337N is not the current creditor to whom the debt is owed.

17. Defendant falsely and misleadingly identifies as the creditor 59337N to whom the debt is owed.

18. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## COUNT I
## VIOLATION OF *15 U.S.C. § 1692g(a)*

19. Plaintiff re-alleges Paragraphs 1 through 18.

20. After an initial communication with Plaintiff, pursuant to *15 U.S.C §1692g(a)* the Defendant must provide the Plaintiff with:

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information

>is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
>(1) the amount of the debt;
>(2) **the name of the creditor to whom the debt is owed;**
>(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(Emphasis added).

21. Defendant sent a Demand Letter to Plaintiff stated to be on behalf of 59337N in an attempt to collect a consumer debt, namely to collect a past due balance on a medical debt.

22. Pursuant to the *FDCPA* the Demand Letter is an initial communication between Defendant and Plaintiff.

23. Defendant identified 59337N as the name of the creditor to whom the debt was owed when on information and belief 59337N is the not actual creditor to whom the debt is owed.

24. As a result of Defendant's conduct, Plaintiff is entitled to an award of actual damages pursuant to *15 U.S.C. §1692k.*

25. As a result of Defendant's conduct, Plaintiff is entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k.*

26. As a result of Defendant's conduct, Plaintiff is entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## COUNT II

## VIOLATION OF *15 U.S.C. § 1692e(5)*

27. Plaintiff re-incorporates Paragraphs 1 through 18.

28. *15 U.S.C. §1692e(5)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

29. Plaintiff received a discharge in bankruptcy of the debt sought to be collected by Defendant.  See "Exhibit 2."

30. Defendant sent a Demand Letter to Plaintiff seeking to collect on the discharged debt violates *15 U.S.C. §1692e(5)*, because Defendant cannot legally collect a debt that was discharged in bankruptcy.

31. As a result of Defendant's conduct, Plaintiff is entitled to an award of actual damages pursuant to *15 U.S.C. §1692k*.

32. As a result of Defendant's conduct, Plaintiff is entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

33. As a result of Defendant's conduct, Plaintiff is entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k*.

## COUNT III
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

34. Plaintiff re-incorporates Paragraphs 1 through 18.

35. *§559.72(9)* of the *FCCPA* states:

> Prohibited practices generally.—In collecting consumer debts, no person shall:
>
> xxxx
>
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

36. Defendant violated *§559.72(9)* of the *FCCPA* by attempting to collect to a debt that was discharged in Plaintiff's bankruptcy.

37. As a result of Defendant's conduct, Plaintiff is entitled to an award of actual damages pursuant to *FCCPA, Fla. Stat. §559.77*.

38. As a result of Defendant's conduct, Plaintiff is entitled to an award of statutory damages pursuant to *FCCPA, Fla. Stat. §559.77*.

39. As a result of Defendant's conduct, Plaintiff is entitled to an award of costs and attorney fees pursuant to *FCCPA, Fla. Stat. §559.77*.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor, against Defendant for:

> a) An award of actual damages and/or statutory damages pursuant to *15 U.S.C. §1692k*;
>
> b) An award of attorney's fees, litigation expenses and costs of the instant suit pursuant to *15 U.S.C. §1692k*;

c) An award of actual damages and/or statutory damages pursuant to *FCCPA, Fla. Stat §559.77;*

d) An award of attorney's fees, litigation expenses and costs pursuant to *FCCPA, Fla. Stat. §559.77*; and

e) Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 18th day of February, 2015.

Respectfully submitted,

/s/ Leo W. Desmond
LEO W. DESMOND, ESQ.
*Attorney for Plaintiff*
Florida Bar No. 0041920
DESMOND LAW FIRM, P.C.
5070 Highway A1A
Suite D
Vero Beach, FL  32963
Telephone: 772-231-9600
Facsimile:   772-231-0300
lwd@verobeachlegal.com

/s/ S. Keley Jacobson
S. KELEY JACOBSON, ESQ.
*Attorney for Plaintiff*
Florida Bar No. 102200
DESMOND LAW FIRM, P.C.
5070 Highway A1A
Suite D
Vero Beach, FL  32963
Telephone: 772-231-9600
Facsimile:   772-231-0300
jacobson@verobeachlegal.com